INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY V.
CHARLES WILLIAMS.

Decided March 17, 1899.

1. **Carriers of Passengers—Charge of Court—Contributory Negligence.**

See the opinion for a charge held to correctly submit the issues of negligence and contributory negligence in an action by a passenger who, being unable to obtain a seat in the crowded cars, stood upon the platform of the train and was caused to fall therefrom by the movements of other passengers.

2. **Same—Pleading—Negligence.**

Where, by reason of negligent overcrowding of the cars, a passenger had to stand on the platform of the train from which he was pushed by the jostling of other passengers, it was not necessary for him to allege, in an action for injuries so received, the acts of the other passengers, but only the negligence of the defendant company, with the further averment that such negligence caused the injury.

3. **Proximate Cause.**

The negligence of a railroad company in failing to furnish room in the cars for its passengers may be deemed the proximate cause of an injury to a passenger who was crowded off from the platform of a car, while in motion, by the jostling of the crowd.

4. **Carriers of Passengers—Contributory Negligence.**

A passenger is not guilty of contributory negligence in riding on the platform of a car where, although there was room to sit or stand in some of the coaches on the train, it was not accessible to him.

5. **Same—High Degree of Care Required.**

The high degree of care which a carrier is bound to exercise toward a passenger applies to the duty of furnishing seats to passengers in order to protect them from the dangers incident to more exposed positions.

APPEAL from Anderson. Tried below before Hon W. H. GILL.

*G. H. Gould,* for appellant.

*A. W. Gregg* and *Gardner & Gardner,* for appellee.

WILLIAMS, ASSOCIATE JUSTICE.—This is an appeal from a judgment in favor of appellee against appellant for the sum of $5500 as damages for personal injuries sustained by appellee in falling from a passenger train of appellant on which he was riding as a passenger, such fall being alleged to have resulted from negligence of appellant.

A statement of the pleadings is unnecessary. The facts are, that appellee, a negro, procured a ticket and entered a regular passenger train of appellant at Palestine to ride thereon to Tyler. The parts of the coaches set apart for the accommodation of negroes were so crowded that there was not room inside for appellee either to sit or stand, and, having ascertained this fact after the train started, he stood upon the platform of one of the cars, which also was crowded with passengers. This crowded condition of the cars seems to have been unusual, and resulted from the fact that large numbers of persons had come to Palestine on the day in question to attend a circus, and were returning at night on

this train to their homes. The headquarters, shops, and coaches of the appellant are kept at Palestine, and its agent knew, or with ordinary care could have seen, that there was not sufficient room in the cars to accommodate the passengers, before the train left Palestine. No effort was made to show that appellant for any reason did not have at that point enough coaches to have supplied the demand.

Appellee, after finding there was no room in the cars, continued to ride on the platform, holding to a small railing there, for about five miles from Palestine, when two of the passengers standing with him on the platform became involved in an altercation, or playful tussle, and one threw back his elbow suddenly, accidentally striking appellee and causing him to lose his balance and fall from the car. He sustained serious injuries, for which it is not claimed that the compensation awarded by the jury is excessive.

There is more or less conflict in the evidence about several of the facts stated, but the verdict of the jury, which necessarily affirms their existence in appellee's favor, is well sustained by testimony. We therefore conclude, as under the charge of the trial judge the jury must have done in order to find this verdict, that, in failing to furnish sufficient cars to enable appellee to obtain a seat inside, appellant was guilty of negligence; that since there was neither seat nor standing room inside, appellee was not, after he learned this fact, guilty of negligence in standing on the platform; that the negligence of appellant in thus exposing appellee to the danger incident to standing upon the platform, continued to operate and concurred with that of the passenger, whose arm pushed appellee, in proximately causing his fall. It follows that we hold that the verdict is sustained by the evidence. The following part of the charge is assigned as error:

"So if you find from the evidence that plaintiff was a passenger on defendant's passenger train; that defendant company had negligently failed to furnish sufficient cars to accommodate its negro passengers with a *seat* in a compartment or compartments required by law to be set apart for the use of negroes; that thereupon plaintiff went out and stood upon the platform of one of defendant's coaches, and while so standing upon such platform he was, without negligence on his part, shoved or thrown therefrom by the motion of another or other passengers and injured as alleged. That defendant company's failure, if any, to furnish sufficient room, as above explained, was negligence, and that the accident and injury, if any, to plaintiff was the natural, direct, and proximate result of such negligence on the part of defendant, or of such negligence on the part of defendant concurring with the acts of negligence of others than plaintiff in such way as that the injury would not have occurred but for the negligence of defendant, you will find for the plaintiff."

The first objection is, that it justified appellee in going upon the platform. This is not the case. It left to the jury to say whether or not there was contributory negligence, and other instructions on that question were full and favorable to appellant.

The next objection is, that it is in conflict with another instruction, which is as follows:

"You are also instructed, that if you should find that defendant company had furnished standing room in the negro compartment so that plaintiff could have stood therein; but you further find that plaintiff, knowing that the platform was not constructed for the purpose of carrying passengers, and was a more dangerous place than inside the car, and that nevertheless plaintiff voluntarily stood upon the platform instead of inside the car, and as a result thereof was injured, you can not find for plaintiff. Nor can you find for him if, under such circumstances, he could, by the exercise of reasonable care, have ascertained that the platform was not a place for passengers, and was more dangerous than the inside, and that there was room inside for him."

There is no conflict. One proposition relates to negligence on part of the carrier, and the other to negligence on the part of the passenger. Both might exist, and the instruction gave the rule to be applied if such were found to be the case.

Another objection urged is, that the charge went outside the pleadings and evidence in authorizing recovery in case of concurring negligence of the carrier and the other passenger. It was not necessary for the petition to allege the act of the passenger, but only that of the defendant, with the further averment that such negligence caused the injury. Nor was it necessary that the evidence should show that the sole cause of the injury was the negligence of the defendant. It was enough if it was one of the causes proximately contributing. The petition did, however, allege the act of the passenger. It is urged throughout the brief that negligence of appellant in failing to furnish room in the cars was not a proximate cause of plaintiff's injury, because the causal connection was broken by the intervening negligent act of the other passenger. If this were true the charge would be wrong, not because abstractly erroneous, but because it allows a recovery where the evidence would warrant one. But, without entering upon a discussion of the fruitful topic of proximate and remote cause, we consider it sufficient to say that the casualty was of a character which the carrier might have foreseen as likely to result from crowding together upon the platform of a rapidly moving train such a number of persons. We do not mean by this that the appellant could have foreseen the occurrence exactly as it happened. That we do not deem to be necessary. The things which it could reasonably have foreseen were the likelihood of pushing and jostling among persons thus riding upon the platform, and of some of them being thrown off. The particular train of circumstances by which this was immediately brought about is immaterial. The material facts are that appellant's negligence was operating at the time, and that the injury to plaintiff was one which ought to have been foreseen. Appellant is not held responsible for the negligence of the other passenger, which it had no opportunity to anticipate and prevent, but for its own negligence, from the effects of which it is not relieved by the act of the other. There

was therefore no error in the giving of the instructions complained of in the first and second assignments, nor in the refusal of special charges numbers 1 and 2.

The fifth special charge was correctly refused. It made plaintiff assume the risk of riding on the platform if there was room in any of the passenger coaches to sit or stand, without reference to the question whether such room was accessible to plaintiff or not. It was not a question of assumption of risk, but of contributory negligence, and plainly the court could not properly have charged that the fact stated made plaintiff guilty of such negligence. The general charge contained instructions on this point as favorable as appellant could claim.

The court defined negligence and ordinary care as follows:

"Negligence is the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances of the situation, or doing what such a person under the existing circumstances would not have done."

"By reasonable care, is meant that degree of care which a person of prudence would ordinarily exercise under the same circumstances."

The court gave the following further instruction:

"It is the duty of a railroad company towards passengers upon their passenger trains to exercise that high degree of care and prudence that would be used by very cautious, prudent, and competent persons under like circumstances, in order to the safe transport of the passenger to his destination, and it is the duty of the company to use that degree of care in furnishing a sufficient number of cars in order that a passenger may procure a seat in the cars."

The first two are attacked as incorrect definitions of negligence and ordinary care. If the inquiry were material to this appeal it might be held that the criticisms are just. But the practical question is, did the charges impose too high a degree of care upon a carrier of passengers?

It is urged that the latter instruction does, the contention being that the high degree of care defined is not required in the performance of such duties as furnishing seats. There is such a distinction made by some authorities between the care required in performance of duties looking to the safety of the passengers when riding on the train and those looking to the safety before the trip has begun or after it has ended, the high degree of care defined being exacted only in the discharge of the duties of the first class, and this on account of the great dangers attending travel by rail, and the grave consequences often attendant upon omissions of slight precautions. It seems to the writer that, as the duty arises from the relation of carrier and passenger, the standard of duty, or the rule of law by which it is expressed, should be uniform, but that the measures of watchfulness, diligence, or precaution to be employed must, of course, vary with the necessities of the particular situation and the degree of danger incurred; and this is expressed in the rule as usually given and given in the charge. Railway v. Smith, 87 Texas, 354.

But, however this may be, the charge in question had reference to the

duty of the carrier to furnish seats to passengers in order to protect them from the danger of riding in a more exposed position, and not to save them merely from the discomfort of standing up. The duty here in question was of the first class noted above, and hence in any view the last instruction did not require too high a degree of care. And it necessarily follows that any error in defining negligence and ordinary care did not have that effect. So far as those definitions might be applied to the question of contributory negligence on part of plaintiff, they would exact too great care of him. No injury could have been done by them. Affirmed.

*Affirmed.*

Writ of error refused.