GALVESTON, H. & S. A. RY. CO. v.
BELL et al.

(Court of Civil Appeals of Texas. San Antonio.
March 11, 1914. On Motion for Re-
hearing, April 8, 1914.)

1. TRIAL (§ 260*)—REQUESTED CHARGE—REP-
ETITION.
 A trial court need not give a requested
charge which was substantially given in another
special charge, as well as in the main charge.
 [Ed. Note.—For other cases, see Trial, Cent.
Dig. §§ 651–659; Dec. Dig. § 260.*]

2. TRIAL (§ 252*)—INSTRUCTIONS NOT BASED
ON EVIDENCE.
 In an action by a passenger for injuries
caused by a stray bullet fired by another pas-
senger at a drunken passenger who was making
an assault upon him, where all the evidence
tended to show a clear case of self-defense, it
was proper for the trial court to refuse to in-
ject into the case the question of justification
for the shooting.
 [Ed. Note.—For other cases, see Trial, Cent.
Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

3. CARRIERS (§ 284*)—INJURY TO PASSENGER—
ACT OF FELLOW PASSENGER—NEGLIGENCE
OF CARRIER.
 Where a passenger was injured by a stray
bullet fired by another passenger in self-defense
at a drunken passenger, concerning whom the
passenger who fired the shot had made com-
plaint to the conductor, the act of the conductor
in dragging the drunken passenger through the
car until he came near the place where the com-
plaining passenger was standing, and then leav-
ing the car, was negligence.
 [Ed. Note.—For other cases, see Carriers,
Cent. Dig. §§ 1125, 1127–1135, 1173, 1222;
Dec. Dig. § 284.*]

On Motion for Rehearing.

4. CARRIERS (§ 305*)—INJURY TO PASSENGER—
ACT OF FELLOW PASSENGER — PROXIMATE
CAUSE.
 Where a passenger was injured by a stray
bullet fired by another passenger in self-defense
at a drunken passenger, whom the conductor
had negligently allowed to remain in the car
after complaint had been made, the firing of
the shot was an innocent and not a wrongful
act, and the fact that it was fired by another,
and not by the drunken passenger, does not
prevent the negligence of the conductor from
being the proximate cause of the injury.
 [Ed. Note.—For other cases, see Carriers,
Cent. Dig. §§ 1132, 1136–1139, 1245, 1246; Dec.
Dig. § 305.*]

 Appeal from District Court, Guadalupe
County; M. Kennon, Judge.

 Action by Billie Bell and another against
the Galveston, Harrisburg & San Antonio
Railway Company. Judgment for the plain-
tiffs, and defendant appeals. Affirmed.

 Baker, Botts, Parker & Garwood, of Hous-
ton, and Emil Mosheim, of Seguin, for ap-
pellant. James Greenwood and H. E. Short,
both of Seguin, for appellees.

 FLY, C. J. This is a suit for damages
arising from injuries inflicted by a gunshot
wound on Eliza Bell while a passenger on a
train of appellant instituted by Eliza Bell,
joined by her husband, Billie Bell, against
appellant. It was alleged by appellees that
one Louis Willis was permitted in the car
in which Eliza Bell was riding while he was
in a drunken condition, and that he provok-
ed a difficulty with one Banks, during which
the said Louis Willis was killed, and Eliza
Bell shot through one of her legs. The
cause was tried by jury, and resulted in a
verdict and judgment for appellees in the
sum of $1,500.

 The facts show that while in an intoxicat-
ed condition Louis Willis, a negro, at Mar-
ion, Tex., entered a car reserved for ne-
groes, and in which Eliza Bell was riding,
on her way from Seguin to San Antonio, and
acted in such way as to become very offen-
sive to a young woman with whom one Wil-
lie Banks was traveling, and the latter re-
quested Willis to desist; but he seated him-
self upon the arm of her seat, and used pro-
fane language to her, and sat in her lap.
Banks informed the conductor of the con-
duct of Willis, and he went to him and told
him to desist: After the conductor passed,
he began his offensive conduct again, and the
conductor was called on again. He led Wil-
lis to a point in the car near where Banks was
standing, and there left him and went out.
As soon as he left Willis began a quarrel
with Banks, and approached him in an angry
and threatening manner. Banks backed to
the end of the car, and while Willis was ap-
proaching he (Banks) fired three shots, two
of which entered the body of Willis, and the
other went wild and struck Eliza Bell in
the leg, seriously and permanently injuring
her. Willis was the aggressor, and forced
the necessity of shooting upon Banks, who
was much smaller than Willis.

 The petition was not subject to a general

---

*For other cases see same topic and section· NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

 165 S.W.—1

demurrer or the special exceptions. The wound received by Eliza Bell was the direct and proximate result of a difficulty that was raised by a drunken passenger who had been negligently permitted to remain in a crowded car where he had been engaged in profanity and other outrageous conduct towards a female passenger. The shot from the pistol of Banks was as much the result of the drunkenness of Willis as though it had been fired by Willis himself. Appellant should have anticipated that the drunken man, who had persisted in insulting the young woman, and who knew that Banks had invoked the aid of the conductor to restrain him, would raise a difficulty, and that fighting would probably occur, and might result in injury to a passenger. It was not necessary that appellant should or could have foreseen the occurrence as it really happened. "If a drunken and disorderly man is on the carrier's vehicle, it will not do to say, after a passenger has been subjected to insult or injury, that the carrier's servants did not know or could not have foreseen that the particular individual who was insulted or injured was in danger of such insult or injury, if they were apprised, or with proper care could have known of circumstances which indicated that some one would be injured, unless the disorderly passenger or stranger were ejected or controlled." Hutchinson, Carr. § 984; Railway v. McEwan (Ky.) 51 S. W. 619; Railway v. Flake, 114 Tenn. 671, 88 S. W. 326. The injuries to Eliza Bell were brought about by the negligence of appellant, and, as was said by Justice Williams in Railway v. Williams, 20 Tex. Civ. App. 587, 50 S. W. 732: "The material facts are that appellant's negligence was operating at the time, and that the injury to plaintiff was one which ought to have been foreseen. Appellant is not held responsible for the negligence of the other passenger, which it had not opportunity to anticipate and prevent, but for its own negligence, from the effects of which it is not relieved by the act of the other." There is nothing in the case of Railway v. Long, 13 Tex. Civ. App. 664, 36 S. W. 485, that supports the contention of appellant. The drunken man in that case had not been rude and insulting, and there was no circumstance to put the railway company on notice that he might drop a pistol and hurt some one. No complaint was made to the conductor as in this case. This disposes of the first, second, and third assignments of error.

[1] The fourth assignment of error is overruled. The rejected charge was substantially given by the court in another special charge requested by appellant, as well as in the main charge, and there is no ground for complaint.

[2, 3] There was no evidence tending to show that Banks was not justified in shooting Willis; but all the evidence tended to show a clear case of self-defense, and the court very properly refused to inject the question of the justification of Banks in shooting into the case. Banks swore that Willis started an altercation, applied a vile epithet to him, and said he was going to kill Banks. Placing his hand as though to draw a pistol, Willis advanced upon Banks, striking at him as he retreated. Banks was never indicted for killing Willis. The fifth assignment of error is overruled, and the sixth assignment of error is disposed of by our conclusions of fact, and what has been written in connection with the first, second, and third assignments. In this connection it may be stated that the act of the conductor in dragging the drunken negro along the car until he reached the point where the man was standing who had sought to have him removed from the car had the appearance of an invitation to a conflict between them, and was rank negligence. Not only the conductor, but the negro porter, abandoned the car, and turned it over to the drunken negro. The conductor took the negro only a few feet from his position, sitting almost on top of the woman, and, when he refused to go farther, left the scene, seemingly intimidated by him. The connection between the drunkenness and boisterous, rude, and insulting conduct and the firing of the shots and consequent injury to Eliza Bell was unbroken. The conductor, not only should have anticipated trouble, but evidently did, and sought other quarters on the train in order to escape it, as did the porter apparently.

The judgment is affirmed.

### On Motion for Rehearing.

[4] Appellant attempts to draw a fine distinction between the acts of the drunken man and the acts of another brought about by the unlawful conduct of the former, and insists that appellant is not liable, because the shot that injured Eliza Bell was not fired by the drunken passenger, but by one he was attacking at the time. As said by Shearman & Redfield, in their excellent work on the law of Negligence, § 25: "One is liable for all the injurious consequences naturally and proximately caused by his negligence. If he has committed a breach of duty, wrongfully put into operation a force likely to injure others, he is liable for its natural and proximate effects, which may be immediate and direct, or through the media of natural forces or other innocent causes or conditions. Time, distance, and the number and variety of the media are immaterial, except as they afford increased opportunity for the assertion of other intervening responsible causes." On the same subject, Judge Cooley, in his work on Torts, p. 69, says: "If the original act was wrongful, and would naturally, according to the ordinary course of events, prove injurious to some other person or persons, and does actually result in injury through the intervention of other causes which are not

wrongful, the injury shall be referred to the wrongful passing by those which were innocent. But, if the original wrong only becomes injurious in consequence of the intervention of some distinct wrongful act or omission by another, the injury shall be imputed to the last wrong as the proximate cause." That language covers the facts of this case "as the waters cover the sea." Appellant knew that a drunken passenger was in its coach set apart to negroes, and knew that he was insulting the passengers, and yet allowed him to remain, and every employé, through fear or indifference, absented himself from the car. The drunken passenger got into a difficulty with another passenger, and a shot was fired that injured Eliza Bell, another passenger. It does not matter whether the pistol was fired by the innocent passenger or his drunken assailant. The original failure to eject the drunken, quarrelsome passenger from the car would naturally prove injurious to other passengers, according to the ordinary course of events, and did result in such injury through the intervention of another cause not wrongful, and the injury should be referred to the wrongful cause, passing by that which was innocent.

In the case of Flint v. Norwich Tr. Co., 34 Conn. 554, Fed. Cas. No. 4,873, cited by Shearman & Redfield in a note to paragraph 512, it was held that the steamship company was liable to a passenger for a shot fired from a gun dropped on the floor by two soldiers struggling with each other.

Where fighting took place in a railroad car, without interference by the conductor, and a passenger not involved in the difficulty had an eye injured by a missile, the court said: "The plaintiff lost his eye through the quarrel of a couple of drunken men, who should not have been permitted aboard the cars, or, if so permitted, should have been so guarded or separated from the sober and orderly part of the passengers that no injury could have resulted from their brawls." Railroad Co. v. Pillow, 76 Pa. 510, 18 Am. Rep. 424.

In the case of Railway v. McEwan (Ky.) 51 S. W. 619, it was held that railway company was liable to a passenger for an injury from a shot fired by drunken negroes on its train; the shot accidentally hitting the passenger.

So in the case of Railway v. Flake, 114 Tenn. 671, 88 S. W. 326, certain drunken men boarded a train, with the knowledge of the carrier, and an accidental shot fired by one of them injured the plaintiff, and the court held the railway company liable. See, also, cases of Packet Co. v. White, 99 Tenn. 256, 41 S. W. 583, 38 L. R. A. 427, and Railway v. Jefferson, 89 Ga. 554, 16 S. E. 69, 17 L. R. A. 571, 32 Am. St. Rep. 87.

There is no merit in the contention that appellant would be liable if the drunken passenger had fired the shot, but is not liable for injury accidentally inflicted by a passenger while defending himself against an assault by the drunken man.

The motion for rehearing is overruled.