Paul V. PAYNE, Jr., Lloyd Randall Hill, and Robert Lloyd Hill, appellants,

v.

ST. LOUIS UNION TRUST COMPANY, a Corporation, St. Louis Union Trust Company and Edward J. Steube, Co-Executors Under the Will of Susan Hill, Deceased, Respondents.

No. 50539.

Supreme Court of Missouri,

Division No. 1.

April 12, 1965.

Motion for Rehearing or to Transfer to Court En Banc Denied May 10, 1965.

HIGGINS, Commissioner.

Paul V. Payne, Jr., Lloyd Randall Hill, and Robert Lloyd Hill brought separate actions in equity for at least $25,000 each against St. Louis Union Trust Company, a corporation, and St. Louis Union Trust Company and Edward J. Steube, executors under the will of Susan Hill, deceased. The suits were consolidated by consent; the court sustained defendants' motions to dismiss for failure to state a cause of action and on the ground of res judicata, and entered judgment of dismissal.

▮ Respondents have moved to dismiss this appeal for appellants' alleged failure to set forth points relied on in the manner prescribed by Civil Rule 83.05(a), V.A.M.R. Appellants' brief does fall short in this respect; however, this is an equity suit which we review "upon both the law and the evidence" and "the judgment shall not be set aside unless clearly erroneous," Civil Rule 73.01(d), V.A.M.R., and we have no difficulty discerning appellants' complaint, i. e., that the court erred in dismissing the petitions on the grounds stated in the motions to dismiss. The motion is overruled.

We determine our statement of facts from the pleadings. Frank W. Hill, Sr., died testate in 1918, leaving his estate to defendant, St. Louis Union Trust Company, in trust for his five children, Edna Schwarz, Kate Comins, Susan Hill, Mabel Hill, and Frank W. Hill, Jr. The trust was a spendthrift trust, and the trustee was directed to accumulate net income for ten years; then to divide the estate into five equal shares (an equal share for each child) and pay the net income to the children for life and, upon the death of any child, to distribute that share free of trust to the heirs at law of that child.

Frank W. Hill, Jr., died March 31, 1930, leaving two adult adopted sons, Lloyd Randall Hill (a plaintiff here) and Paul Vasquez Hill (father of plaintiffs Paul V. Payne, Jr., and Robert Lloyd Hill), and his widow

Thomas M. Gioia, St. Louis, for appellants.

T. S. McPheeters, Jr., and R. H. McRoberts, Jr., St. Louis (Bryan, Cave, McPheeters & McRoberts, St. Louis, of counsel), for respondent, St. Louis Union Trust Company, a Corporation.

David Baer, Jr., and Doris J. Banta, St. Louis (Carter, Bull, Baer, Presberg, Lee & Stanard, St. Louis, of counsel), for respondents, St. Louis Union Trust Company and Edward J. Steube, Co-Executors Under the Will of Susan Hill, Deceased.

Mary (now Mary Hill Potts) surviving. Paul Vasquez Hill died in 1950. In 1935 the two adopted sons received the one-fifth share of Frank W. Hill, Jr., but only after a suit, No. 155096–B in the Circuit Court of the City of St. Louis, brought by the trustee to construe the will of Frank W. Hill, Sr. Upon appeal in that suit it was determined that the adopted sons of Frank W. Hill, Jr., were the heirs of Frank W. Hill, Jr., and entitled to receive his share of the trust estate. St. Louis Union Trust Co. v. Hill, 336 Mo. 17, 76 S.W.2d 685. It was also decided there that the spendthrift provision of the trust applied only to the life estates of the testator's children, and not to the remainder after the death of any such child. 76 S.W.2d l. c. 689 [8].

While Cause No. 155096–B was pending, the children of Frank W. Hill, Sr., instituted a suit, No. 209,702 in the Circuit Court of the City of St. Louis, which attacked the claim of the adopted sons to the share of their adoptive father by seeking to set aside the adoption. That suit was settled March 25, 1935, after execution of an "Agreement for Settlement of Controversies" between the adopted sons of Frank W. Hill, Jr., the remaining children of Frank W. Hill, Sr., and the widow of Frank W. Hill, Jr. By this agreement Lloyd Randall Hill and Paul Vasquez Hill relinquished any future rights they may have had in the trust estate and as prospective heirs at law of the surviving children, Edna Schwarz, Kate Comins, Susan Hill, and Mabel Hill, who also relinquished any rights they had in the share of their brother, Frank W. Hill, Jr.

Kate Comins died in 1954 and her share was distributed free of trust to her son, Waldo Hunter Comins, Jr.

Mabel Hill died in 1956, single and childless, and defendant trustee distributed sums to plaintiffs which they now allege to be less than their entitlements in that share. Prior to that distribution, plaintiffs entered into written agreement with all the parties then interested in the trust estate of Frank W. Hill, Sr., which recited the doubt of the trustees as to the persons entitled to distribution of the share of Mabel Hill, deceased, and as to the amounts of such entitlements, the conflicting claims of the parties, and their mutual desire to settle all claims. The parties agreed that the trustee would institute suit for construction of the will of Frank W. Hill, Sr., for construction of the "Agreement for Settlement of Controversies" of March 25, 1935, and for construction and interpretation of the decree in Cause No. 155096–B in the Circuit Court of the City of St. Louis, which was entered pursuant to the mandate in 76 S.W.2d 685, "to the end that all parties hereto may endeavor to have determined whether the parties of the second part (our plaintiffs) * * * have any interest in the * * * share * * * of Mabel Hill, *and whether the said parties* * * * *have, or may at any future time have, any interest in any part of any other share* of the trust estate under the will of Frank W. Hill (Sr.), deceased, *upon the death of any of the remaining life tenants* * * *.*" (Italics ours.) The parties also agreed to a distribution of the share of Mabel Hill and, "irrespective of any judgment, order or decree * * * as a result * * * of the intended suit * * * to be bound by * * * this Agreement, and * * * to accept an amount equal to their respective applicable percentages * * * in full payment, satisfaction, discharge and settlement of any and all claims that they may now have in * * * the share of Mabel Hill or may hereafter have in * * any other share of the trust estate * * * of Frank W. Hill (Sr.), deceased, to which they may become entitled as a result of * * * any judgment, order or decree * * *." Lloyd Randall Hill, Robert Lloyd Hill and Paul V. Payne, Jr., further waived all other right, title and interest that they then had or might in the future have in any part of the trust estate of Frank W. Hill, Sr., deceased.

The suit contemplated by the above agreement was filed July 24, 1957, as Cause No. 2601–E in the Circuit Court of the City of St. Louis. All parties (including plaintiffs here) waived summons, entered appearance, and filed answers. The joint separate answer of Waldo H. Comins, Jr., Edna Hill Schwarz, and Susan Hill, and the joint separate answer of Lloyd Randall Hill, Robert Lloyd Hill, and Paul Vasquez Payne, Jr., were in conflict with each other and with the agreement and petition in respect to interests and entitlements claimed. All parties were *sui juris* and were represented by counsel. Evidence was heard August 9, 1957, after which the court there found, among other things, the facts and matters recited in this statement of facts, including the existence of controversies between the trustee and the defendants as to the intent and construction of the will of Frank W. Hill, Sr., of the Agreement for Settlement of Controversies, and of the order in Cause No. 155096–B; and, in respect to those controversies, "that although the Circuit Court of the City of St. Louis, by its decree in Cause #155096–B determined that Lloyd Randall Hill and Paul Vasquez Hill were the heirs-at-law of Frank W. Hill, Jr., the defendants Lloyd Randall Hill, Robert Lloyd Hill, Mary Hill Potts and Paul Vasquez Payne, Jr., and those claiming under them are not heirs-at-law of Mabel Hill, Edna Hill Schwarz or Susan Hill, and *that* defendants *Lloyd Randall Hill, Robert Lloyd Hill,* Mary Hill Potts *and Paul Vasquez Payne, Jr., have no interest in that share of the Frank W. Hill, Sr., trust heretofore held for the benefit of Mabel Hill; and that* defendants *Lloyd Randall Hill, Robert Lloyd Hill,* Mary Hill Potts, *and Paul Vasquez Payne, Jr., have no present or expectant interest in and to those shares of the Frank W. Hill, Sr., trust now held for the benefit of Edna Hill Schwarz and Susan Hill.*" (Italics ours.) That court also determined that all necessary parties had been joined; that they were subject to the jurisdiction of the court; that the court had jurisdiction to determine the issues raised by the pleadings, and that the decree would bind all parties interested in the trust estate created by Frank W. Hill, Sr. No motion for new trial was filed and no appeal was taken from the findings and decree in Cause No. 2601–E.

By these suits appellants seek to recover distribution in the trust estate of Frank W. Hill, Sr., from the shares of Mabel Hill, of Edna Schwarz, who died January 19, 1960, and of Susan Hill, who died January 19, 1962, all without lineal descendants, such shares having been distributed as interests were determined by the decree in Cause No. 2601–E. Assuming that plaintiffs stated a cause of action here, we proceed to determine whether such action is barred by the previous judgment in Cause 2601–E. The gist of plaintiffs' contentions is that the decree in Cause 2601–E was void and could not, therefore, operate as a bar to this action.

In support of their position, appellants say that the court could not apply res judicata to their petitions because the trust in evidence contained a spendthrift clause; that the agreement of the parties was contrary to that provision, and that the decree in Cause 2601–E was the result of such agreement and therefore occasioned an indirect result which could not have been accomplished directly by agreement.

The record belies any charge that the decree in Cause 2601–E was by consent, pursuant to stipulation, or was an embodiment of an agreement of the parties. The agreement there was to seek a judgment of the court on the matters submitted to it, and they hedged the possible consequences of that judgment by further agreeing to take certain payments irrespective of the court's determination of their interests, thus recognizing that the court might enter a decree contrary to the anticipation of some party. The decree itself also belies any charges of agreement or consent because it shows on its face to have been the result of a judicial hearing and determination.

Even if matters of agreement were present they would not invalidate the valid and binding effect of the decree if it was otherwise valid. This principle was well stated in Owen v. City of Branson, Mo. App., 305 S.W.2d 492, 497 [2,3]: "Judgments (including judgments by agreement) are conclusive of the matters adjudicated and are not subject to collateral attack except upon jurisdictional grounds. Freeman on Judgments, 5th Ed., vol. 3, § 1350, p. 2773; Drainage District No. 1 Reformed, of Stoddard County v. Matthews, 361 Mo. 286, 234 S.W.2d 567; see La Presto v. La Presto, Mo., 285 S.W.2d 568, 570, and cases cited; * * * (a)nd such a judgment, *even though erroneous,* is a bar to relitigation (in a later suit) of the issues so determined under the doctrine of collateral estoppel and res judicata. 50 C.J.S. Judgments § 630, p. 55; * * *."

We cannot view the pleadings in Cause 2601–E as a request for permission to alienate interests in a spendthrift trust or as a request for approval of an agreement to alienate such interests. Neither does the decree there provide for alienation of such interests when by it the court decides only that plaintiffs have no further interest in certain shares of the Frank W. Hill, Sr., trust. For this reason, we are not concerned here with the general proposition that a spendthrift trust cannot be alienated by the beneficiary during the term of the trust or with any question of whether alienation of interests in a spendthrift trust can be accomplished by court approval of an agreement to alienate such interests.

Appellants say also that since their adoption was admitted, their interests were a matter of law and the decree in 2601–E which undertook to determine their interests in the distributive shares of their adoptive collaterals was void on its face, and they are therefore entitled to maintain the present action.

The findings preceding the judgment appealed from were that the previous decree of August 9, 1957, in Cause 2601–E was lawful, valid and binding; that plaintiffs were parties to that decree; that no misrepresentations were made to induce them to enter into the agreement; that the spendthrift clause in the trust is not applicable to present plaintiffs; and that plaintiffs also were guilty of laches. Accordingly, the court ordered plaintiffs' petitions dismissed. Plaintiffs do not say that a valid decree would not be res judicata. There is no contention that the court in 2601–E lacked jurisdiction as to parties or subject matter, and we have previously noted that all parties filed answers in which they urged conflicting positions as to rights and entitlements. There are no claims that plaintiffs' participation in 2601–E was a result of fraud, mistake, duress or misrepresentation, and none of the parties were under legal disability. In this posture the case is analogous to Rivard v. Missouri Pac. Ry. Co., 257 Mo. 135, 165 S.W. 763. In that case plaintiffs' predecessor executed a deed to an undivided interest in land. The grantees sued the grantor to correct a mistake in the deed; the court decreed the correction, and there was no appeal. Ultimately, defendant came into possession of the land in question and the heirs of the grantor brought suit to recover the value of the land. The heirs contended that the decree re-forming the deed was void because a prior decision of the supreme court had announced a legal doctrine contrary to that applied in the deed correction case. We quote at length from that opinion:

"The crucial question in the case at bar is, not whether the decree correcting the married woman's deed followed the ruling in Shroyer v. Nickell, supra (55 Mo. 264 l. c. 267), but whether the trial court, in refusing to apply that ruling, acted without any jurisdiction of the subject-matter and the parties, or erroneously exercised a lawful jurisdiction? The failure to distinguish between 'the erroneous exercise of jurisdiction' and 'the want of jurisdiction' is a fruitful source of confusion and errancy of

decision. In the first case the errors of the trial court can only be corrected by appeal or writ of error. In the last case its judgments are void, and may be assailed by indirect as well as direct attack. A court is possessed of jurisdiction when it is permitted by the policy of the law to hear and determine cases of the same nature as the one with respect to which the complaint is made, and where it has jurisdiction of the persons of the parties to the suit. The judgment of the trial court lacking either of those essentials is open to any form of attack. It follows that the judgment of a court of general jurisdiction, with the parties before it, and with power to grant or refuse relief in the case presented, though contrary to law as expressed in the decisions of the Supreme Court or the terms of a statute, is at most only an erroneous exercise of jurisdiction, and as such is impregnable to an assault in a collateral proceeding.

"In the matter in hand the trial court had jurisdiction in the statutory mode of the grantees in the deed, with full power to determine the cause of action stated in the petition filed. That its decree correcting the description of the land was opposed to the ruling of this court in Shroyer v. Nickell, supra, and the case following it did not oust it from its rightful jurisdiction of the case presented, and its judgment, however erroneous, under the decisions of this court at that time, not having been appealed from or brought up for review by writ of error, is conclusive on the parties thereto and all persons in privity with them.

"Plaintiffs in this case have no other or higher claim to relief than was had by their mother, and, as her nonaction against the decree was a complete bar to her, it is equally so against them. We hold that the decree under the agreed statement of facts in this case was not void nor open to attack below, and that it shut off any claim on the part of plaintiff for the land to which defendant acquired title through deed of their mother as corrected by said decree." 257 Mo. l. c. 167, 165 S.W. l. c. 770.

In United States ex rel. and to Use of First Nat. Bank v. Lufcy, 329 Mo. 1224, 49 S.W.2d 8, 14 [7, 8], we said: "It is a familiar principle of the doctrine of res judicata that even though a judgment may be erroneous, (not void) so that it might have been reversed on appeal, it is nevertheless effective as a bar to further suits. * * * It is also well settled that a former judgment is a bar, not only as to all matters which were raised, but also as to all defenses which could have been raised." See also State ex rel. Metropolitan Life Ins. Co. v. Hughes, 347 Mo. 549, 148 S.W.2d 576, 577 [1, 2].

Plaintiffs here have not directed us to any case which holds a decree similar to the decree in 2601–E to be void. We are, instead, cited to certain cases which discuss adoptive and inheritance rights. Those authorities hold that a natural parent has no right of inheritance from his child after that child has been lawfully adopted, Shepherd v. Murphy, 332 Mo. 1176, 61 S.W.2d 746; that adopted children may not inherit from their natural grandparent, Wailes v. Curators of Central College, 363 Mo. 932, 254 S.W.2d 645, 37 A.L.R.2d 326; and that whether a child becomes the heir of its parents depends not on contract, court decree, or election, but on the law, 26A C.J.S. Descent & Distribution § 28, p. 573. We agree with such authorities but they are not decisive of the issue here. Plaintiffs also cite Brown v. Wilson, 348 Mo. 658, 155 S.W.2d 176, and Gibson v. Sharp, 364 Mo. 1007, 270 S.W.2d 721, to the effect that a judgment is void to the extent that it goes beyond the pleadings. We agree with those authorities also, but they are not in point. The petition in 2601–E set out all the matters mentioned in our statement of facts and prayed for both specific and general determinations of interests of the parties and directions to the trustee. The answers also prayed for determinations

of all present and future rights of all the parties. The decree was responsive to, and not beyond the scope of, the issues presented, and that case decided the matters sought to be litigated here.

The court in 2601-E had jurisdiction of the parties and of the equity subject matter those parties submitted to it. The court had the power to determine the issues and, if the judgment was not satisfactory to any of the parties affected, they were bound to assert the court's errors, if any, and seek correction of the decree by appeal. Even if we assume the decree to have been contrary to a statute or the law of another case, it would not be void under the circumstances of this case, but would have been, at most, erroneous; and " * * nothing is better settled than the principle that an erroneous judgment has the same effect as to *res judicata* as a correct one. It has been held 'that when a court has jurisdiction, it has jurisdiction to commit error.' * * * If it was to be asserted that the judgment rendered in the former action was erroneous, the plaintiffs' remedy was by appeal and not by attacking the judgment as void in another proceeding." Metcalf v. American Surety Co. of New York, 360 Mo. 1043, 232 S.W.2d 526, 529 [1-3].

For the reasons stated, we conclude that appellants' petitions are collateral attacks upon the decree and judgment in Cause No. 2601-E in the Circuit Court of the City of St. Louis. Appellants were bound by that decree and the court in the present case properly dismissed the petitions on the ground of res judicata.

The judgment is affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM.

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All concur.