Louis OGLE, Appellant,

v.

GUARDSMAN INSURANCE COMPANY, et al., Respondents.

Nos. 49568, 49562 and 49565.

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 1, 1985.

Motion For Rehearing and/or Transfer Denied Nov. 21, 1985.

Application to Transfer Denied Jan. 15, 1986.

Donald V. Nangle, St. Louis, for appellant.

Armstrong, Teasdale, Kramer & Vaughan, St. Louis, for respondents.

CRIST, Judge.

Louis Ogle (beneficiary) maintained four separate actions to recover proceeds from life insurance policies issued on the life of decedent Gene Clubb. The policies were issued by: Central Security Life Insurance Company (Central Security) in the amount of $10,000; respondent Farmers New World Life Insurance Company, in the amount of $10,000; respondent Guardsman Life Insurance Company, in the amount of $10,000; and respondent Allstate Life Insurance Company, in the amount of $5,000. The trial court granted summary judgment in favor of respondents (insurers). Beneficiary's three actions against insurers were consolidated for appeal. We reverse and remand.

Beneficiary's first action, against Central Security, was tried before a jury. On January 21, 1983, the jury returned a verdict in favor of Central Security. Beneficiary appealed this decision. Subsequently, in beneficiary's separate actions against insurers, insurers filed motions for issue preclusion by way of collateral estoppel by prior judgment, or in the alternative, motions for summary judgment, on the issue of the cause of decedent's death. The insurers asserted that the beneficiary was precluded from relitigating the cause of decedent's death, based on the jury's determination in the *Central Security* case that decedent's death was caused or contributed to by alcoholism. Insurers attached several exhibits to these motions, including a copy of the *Central Security* verdict. The trial court postponed ruling on the motions and stayed further proceedings, pending the outcome of beneficiary's appeal in *Central Security*.

Prior to final disposition of the appeal, however, beneficiary settled with Central Security for $1,500.00. Pursuant to a joint stipulation between the beneficiary and Central Security, this Court remanded the cause to the circuit court with directions to vacate the *Central Security* judgment, so that beneficiary could dismiss with prejudice his action against Central Security.

Thereafter, in beneficiary's actions against insurers, the trial court heard arguments on insurers' motions for issue preclusion and partial summary judgment. On March 8, 1984, the trial court granted insurers' motions, based on the jury verdict in *Central Security*, and ordered partial summary judgments in favor of insurers on the issue "that decedent's death was caused or contributed to by alcoholism."

On November 20, 1984, insurers moved for summary judgments on the remaining issues in the case, and attached affidavits. Beneficiary's attorney filed a counter-affidavit in opposition to insurers' motions for summary judgment. On December 5, 1984, the trial court granted summary judgments in favor of insurers. This appeal followed.

In his first point on appeal, beneficiary asserts the trial court erred when it granted insurers' motions for partial summary judgment, because there was no final judgment on the merits in *Central Security* upon which to base collateral estoppel.

The traditional doctrine of collateral estoppel precluded parties from relitigating issues previously litigated between them. *Oates v. Safeco Ins. Co. of America*, 583 S.W.2d 713, 719 (Mo. banc 1979). The concept has been broadened to allow strangers to the first suit to assert collateral estoppel against parties to the first suit to bar relitigation of adjudicated issues. *Id.* In order for the doctrine to apply, however, the prior adjudication must have resulted in a final judgment on the merits. *Bi-State Dev. Agency v. Whelan Sec.*, 679 S.W.2d 332, 335 (Mo.App.1984); Restatement (Second) of the Law of Judgments, §§ 13, 27 (1982).

In the present case, we do not believe the judgment in the *Central Security* case, which this Court ordered vacated pursuant to joint stipulation between the parties, satisfies the requirement of a final judgment on the merits. The prior adjudication is not sufficiently firm to be accorded conclusive effect. Restatement (Second) of the Law of Judgments, § 13 (1982). Central Security paid beneficiary $1,500.00 to give up his right to pursue an appeal. This Court remanded the cause to the trial court with instructions to vacate the judgment, and beneficiary dismissed his cause of action with prejudice. The vacating of the *Central Security* judgment left nothing upon which to preclude the beneficiary from relitigating common issues. *See Thompson v. Stephenson*, 332 N.W.2d 341, 344 (Iowa, 1983); *Associates Capital Services Corp. v. Loftin's Transfer and Storage Co.*, 554 F.2d 188, 189 (5th Cir., 1977); *See also Chemetron Corp. v. Business Funds, Inc.*, 682 F.2d 1149, 1200–1203 (5th Cir.1982) (Reavley, J., dissenting).

The trial court also granted insurers' motions for summary judgment on the remaining issues in these cases. Summary judgment is a drastic remedy and should only be granted when the prevailing party has shown by unassailable proof to be entitled to judgment as a matter of law. *Kennon v. Citizens Mut. Ins. Co.*, 666 S.W.2d 782, 784 (Mo.App.1983). On appellate review of a summary judgment, we scrutinize the record in the light most favorable to the party against whom the trial court rendered summary judgment. *Id.*

With these principles in mind, we must reverse the summary judgment on the remaining issues. The trial court relied on the *Central Security* jury determination that alcoholism caused or contributed to insured's death when it granted insurers' motions for summary judgment on the remaining issues. The Central Security jury determination, however, has no collateral estoppel effect. Because the trial court relied on the vacated *Central Security* judgment when it granted insurers' motions for summary judgment, we reverse and remand.

Reversed and remanded for a new trial.

DOWD, P.J., and CRANDALL, J., concur.