Paul A. CHRISTIANSEN, Appellant,

v.

MISSOURI STATE BOARD OF
ACCOUNTANCY, Respondent.

No. WD 40794.

Missouri Court of Appeals,
Western District.

Dec. 6, 1988.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
Jan. 31, 1989.

Application to Transfer Denied
March 14, 1989.

Duane Benton, Jefferson City, for appellant.

William L. Webster, Atty. Gen., Curtis F. Thompson, Asst. Atty. Gen., Jefferson City, for respondent.

Before FENNER, P.J., and
MANFORD and GAITAN, JJ.

MANFORD, Judge.

This is an action ancillary to a disciplinary proceeding before the Missouri State Board of Accountancy.[1] Appellant seeks access to and review of certain "closed records" held by the respondent. The circuit court entered judgment denying the relief sought, and this appeal followed. The judgment is reversed and the cause remanded with directions.

Appellant presents three points on appeal which, in summary, charge the trial court erred because (1) § 326.134.1, RSMo 1986 grants access to the requested records; (2) Chapter 610, RSMo 1986 grants access to the requested records; and (3) the court refused to enjoin respondent from taking any action regarding appellant's certificate as a Certified Public Accountant until re-

---

1. Refer to the case of *Christiansen v. Missouri State Board of Accountancy*, 764 S.W.2d 952 (Mo.App.1988), decided and ruled concurrently with the opinion herein.

spondent complied with Chapter 610, RSMo 1986.

This matter was submitted to the trial court upon a stipulation of facts, so a brief summary of the pertinent facts suffices.

Appellant has held a certificate to practice accountancy in Missouri for a number of years. In 1983, a complaint was lodged against appellant with the respondent by one Joseph C. DeBlase. Based upon that complaint, respondent filed a formal complaint against appellant pursuant to Chapter 326, RSMo 1986.[2] Between August 18, 1983 and September 23, 1987, respondent conducted meetings relative to the issue. This proceeding seeks access and review of the minutes and votes of those meetings. It must be mentioned, although not critical to the disposition herein, that appellant and DeBlase engaged in a separate civil action which is considered in more detail in the case of *Christiansen v. Missouri State Board of Accountancy*, 764 S.W.2d 952, handed down concurrently with this opinion. That particular civil action bears directly upon the issues in the disciplinary proceeding.

For purposes of disposition of the present case, appellant's points (1) and (2) are discussed and ruled upon conjunctively as they relate to the same issue; to wit, appellant's claim of entitlement to the minutes and votes of respondent during the period of time prescribed above and which involved appellant.

Appellant's contention, simply put, is that he was entitled to such information pursuant to § 326.134, RSMo 1986. Respondent counters that appellant is not entitled to such information because there exists no statutory access to such information under Chapter 326, RSMo 1986, and those meetings were closed under Chapter 610, RSMo 1986 which also denies appellant access to such information.

The joining of this issue causes attention to be focused upon § 326.134 and poses the question of the applicability of Chapter 610 on such proceedings, if any. In order to

resolve the matter, this court must undertake construction of statutory law, due to the unusual circumstances readily observable *infra*.

Our state, and it is not a unique situation, for many years has struggled with the design and implementation of a statutory framework to meet and solve the procedural process for matters presented to the numerous and varied licensing boards. Over a decade ago, a grand design was initiated by the General Assembly to reorganize state government. Since that time, numerous modifications to the design have occurred.

During the First Regular Session of the Eighty First General Assembly (1981), the General Assembly enacted House Substitute for House Committee Substitute for Senate Bill 16 (H.S.H.C.S.S.B. 16). Early in this particular session, H.B. 499 was introduced in the House of Representatives. This measure provided for the repeal of §§ 326.011, 326.012, 326.055, 326.110 and 326.210. The measure was approved by a House vote and forwarded to the Senate. The measure was not acted upon by the Senate prior to the time for adjournment prescribed by our State Constitution. However, during the final hours of that session, the Senate had pending before the House S.B. 16. Prior to final adjournment, the House adopted H.S.H.C.S.S.B. 16. It was, in turn, forwarded to the Senate which gave its approval. The measure became part of the statutory law upon the signature of the Governor and through the prescribed enrollment of legislation. What resulted with the final approval of H.S.H.C.S.S.B. 16 now serves as the basis of controversy in the present proceedings.

H.B. 499 did not pertain to or address § 326.134 or § 326.132. H.S.H.C.S.S.B. 16 repealed well over two hundred statutory sections, ranging through Chapters 161, 326, 327, 328, 329, 330, 331, 332, 333, 334, 335, 336, 337, 338, 339, 340, 345, and 346, RSMo. In the same measure, 281 new sections were enacted in lieu thereof. This

---

**2.** Statutory reference is made to 1986, although it is readily apparent that these proceedings

predated the decennial updating of the statutes.

enactment included portions of Chapter 326.

Prior to final approval and indeed even before introduction of either H.B. 499 or H.S.H.C.S.S.B. 16, there was no § 326.134. By the enactment of H.S.H.C.S.S.B. 16, what is now referred to as § 326.134 reads as follows:

**326.134. Investigation reports to be confidential, exceptions—immunity from civil actions for board and certain persons, when**

1. In order to assure a free flow of information for peer review pursuant to section 326.055, or proceedings before the board pursuant to section 326.132, all complaint files, investigation files, and all other investigation reports and other investigative information in the possession of the board or peer review committee or firm, acting under the authority of section 326.055 or 326.132, or its employees or agents, which relate to such hearings or review shall be privileged and confidential, and shall not be subject to discovery, subpoena, or other means of legal compulsion for their release to any person, other than the permit or certificate holder and the board or peer review committee or firm or their employees and agents involved in such proceedings, or be admissible in evidence in any judicial or administrative proceeding, other than the proceeding for which such material was prepared or assembled. A final written decision and finding of fact of the board, pursuant to section 326.132, shall be a public record.

2. A person shall not be civilly liable as a result of his or her acts, omissions, or decisions in good faith as a member of the board, a peer review committee or firm, or as an employee or agent thereof, in connection with such person's duties.

3. A person shall not be civilly liable as a result of filing a report or complaint with the board or a peer review committee, or for the disclosure to the board or a peer review committee or its agents or employees, whether or not pursuant to a subpoena, of records, documents, testimony or other forms of information which constitute privileged matter in connection with proceedings of a peer review committee, or other board proceedings pursuant to section 326.132. However, such immunity from civil liability shall not apply if such act is done with malice.

Prior to the enactment of H.S.H.C.S.S.B. 16, § 326.130 read as follows:

**326.130. Grounds for revocation of certificate.—**

After notice and hearing as provided in section 326.132, the board may revoke, or may suspend for a period not to exceed one year, any certificate issued under section 326.060, or any registration granted under section 326.040 or 326.050, or may revoke, suspend or refuse to renew any permit issued under section 326.210 or may censure the holder of any such permit for any one or any combination of the following causes:

(1) Fraud or deceit in obtaining a certificate as certified public accountant, or in obtaining registration under sections 326.011 to 326.230 or in obtaining a permit to practice public accounting under sections 326.011 to 326.230;

(2) Dishonesty, fraud or gross negligence in the practice of public accounting;

(3) Violation of any of the provisions of section 326.021;

(4) Violation of a rule of professional conduct promulgated by the board under the authority granted by sections 326.011 to 326.230;

(5) Conviction of a felony under the laws of any state or of the United States;

(6) Conviction of any crime, an element of which is dishonesty or fraud, under the laws of any state or of the United States, or pleading nolo contendere to any such crime whether or not the imposition of sentencing be suspended and probation be granted;

(7) Cancellation, revocation, suspension or refusal to renew authority to practice as a certified public accountant or a public accountant by any other state for any cause other than failure to pay

an annual registration fee in such other state;

(8) Suspension or revocation of the right to practice before any state or federal agency;

(9) Conduct discreditable to the public accounting profession.

Prior to the enactment of H.S.H.C.S.S.B. 16, § 326.132 read as follows:

**326.132. Proceedings, how instituted— notice required—subpoenas authorized —appeal, how taken.—1.** The board may initiate proceedings under sections 326.011 to 326.230 either on its own motion or on the complaint of any person.

2. A written notice stating the nature of the charge or charges against the accused and the time and place of the hearing before the board on such charges shall be served on the accused not less than thirty days prior to the date of said hearing either personally or by mailing a copy thereof by registered mail to the address of the accused last known to the board.

3. If, after having been served with the notice of hearing as provided for herein, the accused fails to appear at said hearing and defend, the board may proceed to hear evidence against him and may enter such order as shall be justified by the evidence, which order shall be final unless he petitions for a review thereof as provided herein; provided, however, that within thirty days from the date of any order, upon a showing of good cause for failing to appear and defend, the board may reopen said proceedings and may permit the accused to submit evidence in his behalf.

4. At any hearing the accused may appear in person and by counsel, produce evidence and witnesses on his own behalf, cross-examine witnesses and examine such evidence as may be produced against him. A corporation may be represented before the board by counsel or by a shareholder who is a certified public accountant or public accountant of this state in good standing. The accused shall be entitled, on application to the board, to the issuance of subpoenas to compel the attendance of witnesses on his behalf.

5. The board, or any member thereof, may issue subpoenas to compel the attendance of witnesses and the production of documents, and may administer oaths, take testimony, hear proofs and receive exhibits in evidence in connection with or upon hearing under sections 326.011 to 326.230. In case of disobedience to a subpoena the board may invoke the aid of any court of this state in requiring the attendance and testimony of witnesses and the production of documentary evidence.

6. The board shall not be bound by technical rules of evidence.

7. A stenographic record of the hearings shall be kept and a transcript thereof filed with the board.

8. The decision of the board shall be by majority vote thereof.

9. Any person aggrieved by a decision of the board to revoke or suspend any certificate issued under section 326.-060 or permit issued under section 326.-210 or to refuse to renew any permit issued under section 326.210 may obtain a review of such decision by filing a written petition for review within thirty days after the entry of such decision with the administrative hearing commission. The petition shall state the grounds upon which the review is asked and shall pray that the order of the board be modified or set aside in whole or in part. A copy of such petition shall be served upon the board and thereupon the board shall certify and file with the administrative hearing commission a transcript of the record upon which the decision complained of was entered. The administrative hearing commission shall then proceed to hear the matter in the manner provided in the administrative procedure and review act within the scope of judicial review of section 536.-140, RSMo. The decision of the administrative hearing commission shall have the force and effect given it by law and shall be subject to judicial review in the manner provided in the administrative

procedure and review act, sections 536.-100 to 536.140, RSMo.

10. Complaint may be filed against the board for any cause provided in section 161.302, RSMo, with the administrative hearing commission and the administrative hearing commission shall proceed to hear the charge pursuant to sections 161.282 to 161.322, RSMo, but the administrative hearing commission shall not substitute its discretion for discretion legally vested in the board pursuant to sections 326.060 and 326.110.

After enactment of H.S.H.C.S.S.B. 16, § 326.130 read as follows:

**326.130. Denial, revocation, or suspension of certificate, grounds for**

1. The board may refuse to issue any certificate of registration or authority, permit or license required pursuant to this chapter for one or any combination of causes stated in subsection 2 of this section. The board shall notify the applicant in writing of the reasons for the refusal and shall advise the applicant of his right to file a complaint with the administrative hearing commission as provided by chapter 621, RSMo.

2. The board may cause a complaint to be filed with the administrative hearing commission as provided by chapter 621, RSMo, against any holder of any certificate of registration or authority, permit or license required by this chapter or any person who has failed to renew or has surrendered his certificate of registration or authority, permit, license for any one or any combination of the following causes:

(1) Use of any controlled substance, as defined in chapter 195, RSMo, or alcoholic beverage to an extent that such use impairs a person's ability to perform the work of any profession licensed or regulated by this chapter;

(2) The person has been finally adjudicated and found guilty, or entered a plea of guilty or nolo contendere, in a criminal prosecution under the laws of any state or of the United States, for any offense reasonably related to the qualifications, functions or duties of any profession licensed or regulated under this chapter, for any offense an essential element of which is fraud, dishonesty or an act of violence, or for any offense involving moral turpitude, whether or not sentence is imposed;

(3) Use of fraud, deception, misrepresentation or bribery in securing any certificate of registration or authority, permit or license issued pursuant to this chapter or in obtaining permission to take any examination given or required pursuant to this chapter;

(4) Obtaining or attempting to obtain any fee, charge, tuition or other compensation by fraud, deception or misrepresentation;

(5) Incompetency, misconduct, gross negligence, fraud, misrepresentation or dishonesty in the performance of the functions or duties of any profession licensed or regulated by this chapter;

(6) Violation of, or assisting or enabling any person to violate, any provision of this chapter, or of any lawful rule or regulation adopted pursuant to this chapter;

(7) Impersonation of any person holding a certificate of registration or authority, permit or license allowing any person to use his or her certificate of registration or authority, permit, license or diploma from any school;

(8) Disciplinary action against the holder of a license or other right to practice any profession regulated by this chapter granted by another state, territory, federal agency, or country upon grounds for which revocation or suspension is authorized in this state;

(9) A person is finally adjudged insane or incompetent by a court of competent jurisdiction;

(10) Assisting or enabling any person to practice or offer to practice any profession licensed or regulated by this chapter who is not registered and currently eligible to practice under this chapter;

(11) Issuance of a certificate of registration or authority, permit or license based upon a material mistake of fact;

(12) Failure to display a valid certificate or license if so required by this chapter or any rule promulgated hereunder;

(13) Violation of any professional trust or confidence;

(14) Use of any advertisement or solicitation which is false, misleading or deceptive to the general public or persons to whom the advertisement or solicitation is primarily directed.

3. After the filing of such complaint, the proceedings shall be conducted in accordance with the provisions of chapter 621, RSMo. Upon a finding by the administrative hearing commission that the grounds, provided in subsection 2, for disciplinary action are met, the board may, singly or in combination, censure or place the person named in the complaint on probation on such terms and conditions as the board deems appropriate for a period not to exceed five years, or may suspend, for a period not to exceed three years, or revoke the license, certificate, or permit.

With the passage and final approval of H.S.H.C.S.S.B. 16, § 326.132 no longer was part of our statutory law. It was not "reenacted" by H.S.H.C.S.S.B. 16.[3]

As a result, the wording of § 326.134 in its present form on no less than four occasions refers to § 326.132, the section which was repealed and not reenacted.[4]

In the course of this matter, during the administrative phase, appellant sought the minutes and records (those which pertained to him only) of respondent's meetings during the time period of August 18, 1983 to September 23, 1987. Respondent refused and continues to refuse appellant's request. Appellant sought to have his request enforced by the circuit court which, without comment, denied appellant relief.

Appellant argues that by construction, this court should declare that the references to § 326.132 contained within § 326.134 should be held to be references to

§ 326.130. Appellant charges that such construction would not only reflect the intent of the General Assembly regarding a licensee's rights to secure "all complaint files, investigation files and all other investigation reports and other investigative information in the possession of the board", but it would also carry out the intent of the General Assembly with the passage of § 326.134 relative to the purpose of § 326.134, that being, "In order to assure the free flow of information for peer review pursuant to section 326.055 or proceedings before the board pursuant to section 326.132 ..."

Respondent defends its refusal on the following basis: It first contends that this court has no authority to construe § 326.134 as suggested by appellant because this court would, in fact, be rewriting § 326.134. Respondent further contends that § 326.134 does not apply to proceedings under § 326.130. Respondent further contends that Chapters 610 and 620, RSMo 1986 prevent disclosure of such information. Finally, respondent argues that if § 326.134 applies to § 326.130, appellant should not prevail because the request for such information applies only during the administrative proceedings and only through discovery subpoena or legal compulsion, and appellant did not timely or appropriately request such information.

There has been over the past decades certain guidelines adopted relative to the construction of statutes by our courts. It is a fair statement that the courts of this state, perhaps unlike others, have shared a reluctantcy toward expansion of court construction of statutory provisions. Such a posture has perhaps helped to preserve the two co-equal branches of our state government, i.e., the legislative and judicial. As to those guidelines, this court determines that the following are more directly pertinent than perhaps others to the proceedings herein. In *Tribune Publishing Co. v. Curators of the Univ. of Mo.*, 661 S.W.2d

---

**3.** It should be noted this court has confirmed that the absence of § 326.132 was not a typographical error in the enacting clause.

**4.** It should be noted that § 326.134 also references § 326.055, but as acknowledged by both parties herein, that statutory section is not involved in this proceeding.

575, 583 (Mo.App.1983), this court declared, "Nevertheless, courts are impressed with a judicial obligation to ascertain legislative intent and the scope and application of statutes in justiciable controversies however laden with difficulty the task may be." The primary purpose of statutory construction is to ascertain legislative intent. *Cook v. Burke,* 693 S.W.2d 857 (Mo.App.1985). The strict letter of the law must yield to the manifest intent of the General Assembly. *State v. Williams,* 693 S.W.2d 125 (Mo.App.1985).

While the repeal of a statute has been ruled to amount to the total abolishment of the prior statute and to have rendered that prior statute as if it never existed, our courts have distinguished, for purposes of construction, the difference between legislation which merely amends existing law and that which is purposely intended to supercede the preexisting law. *See State ex rel. Hay v. Nolte,* 235 Mo.App. 572, 141 S.W.2d 152, 154 (1940). It is obvious herein that enactment of H.S.H.C.S.S.B. 16 was amendatory to the preexisting sections of Chapter 326 and not a new act intending to entirely supercede preexisting law.

In addition, our courts have declared that it is presumed the General Assembly, in enacting legislation, does not act in a meaningless manner. *State v. Sweeney,* 701 S.W.2d 420 (Mo. banc 1985). Further, it has been ruled that the General Assembly is presumed to enact laws that serve the people, *State ex rel. Lack v. Melton,* 692 S.W.2d 302 (Mo. banc 1985) and that the General Assembly intended a logical and not an absurd or unreasonable result. *State ex rel. Lebeau v. Kelly,* 697 S.W.2d 312 (Mo.App.1985). It is against these guidelines that the question herein is taken up.

As noted above, appellant argues that the General Assembly intended that the provision of § 326.134 should apply to § 326.130, although within § 326.134 references are made to the now nonexistent § 326.132. Appellant further asserts that any other construction renders the intent and purpose of § 326.134 a nullity. Proceedings against a licensee are brought pursuant to § 326.130.

Respondent argues that since the General Assembly did not reenact § 326.132, this court is prohibited from construing § 326.134 (as suggested by appellant) under the general guidelines of judicial construction as regards the procedure for the handling of license disciplinary cases. Respondent points out that prior to the passage of H.S.H.C.S.S.B. 16 and pursuant to § 326.132, such proceedings were lodged with respondent who handled the entire proceedings administratively. With changes in our law, occasioned by the repeal of § 326.132, respondent notes (regarding administrative proceedings) that such disciplinary matters now originate with the Administrative Hearing Commission and, thus, concludes that § 326.134 does not and cannot apply to § 326.130.

As can be observed by comparing the prior § 326.130 with the present § 326.130, the General Assembly changed that section by enactment of H.S.H.C.S.S.B. 16. What was occasioned by the changes in § 326.130 can be summarized as follows: The previous § 326.130 addressed only the grounds for revocation of a certificate of accountancy. The new section addresses the denial, revocation or suspension of such certificates. Further, the prior § 326.130 provided that respondent could revoke or suspend after notice and a hearing pursuant to the then § 326.132. The present § 326.130 enumerates, as did its predecessor, grounds for action by respondent and, in addition, prescribes that respondent has authority to file a complaint against a licensee with the Administrative Hearing Commission pursuant to Chapter 161. At this point, it must be stated that matters previously under Chapter 161 pertaining to Professional Registration and the Administrative Hearing Commission were, by statutory change, transferred to Chapters 620 and 621, RSMo 1986 respectively. The comparison of the two versions of § 326.130 leads to the conclusion that the administration of disciplinary matters has been transferred by the General Assembly from respondent to the Administrative Hearing Commission. Further, the present

version of § 326.130 sets forth a greater basis or acts upon which disciplinary proceedings can be initiated.

Respondent urges this court to conclude that the free flow of information and a licensee's rights under § 326.134 no longer exist, as § 326.134 no longer applies to proceedings commenced pursuant to § 326.130.

Respondent then posits that since such disciplinary matters are now before the Administrative Hearing Commission, respondent somehow comes within the purview of Chapter 610 and more specifically, § 610.021, RSMo Supp.1987, the so-called "Sunshine Law." Respondent further suggests that since disciplinary matters are now lodged with the Administrative Hearing Commission pursuant to Chapter 620 (§§ 620.010–620.145, RSMo 1986), and respondent no longer acts in the dual capacity as party and decision maker, that § 326.134 does not apply to proceedings referenced under § 326.130.

If one were to follow respondent's argument to the suggested conclusion, respondent could lodge a complaint against a licensee and acquire investigative reports, complaint files, investigative files, and all other investigative information as referred to under § 326.134, and then conduct closed meetings relative to such investigative and complaint materials, thus, precluding a licensee from gaining access thereto. It is noted that Chapter 620 (§§ 620.010–620.-145) prescribes no detail for disciplinary proceedings save for rulemaking authority extended to the Department of Economic Development. Furthermore, review of Chapter 536 has failed to disclose any similar provision as is provided for and accorded to a licensee under § 326.134.

If this court were to follow respondent's suggestion, this court, by its construction, would be concluding that the General Assembly initially and specifically acknowledged the right of a licensee to secure the information specified within § 326.134; but even though such right is so declared, it does not exist nor can it be exercised because the General Assembly repealed § 326.132. The absurdity of such a conclusion becomes obvious.

It is equally obvious that § 326.130 is currently the statutory law and prescribes the basis for a complaint along with the transfer of the administration of a complaint to the Administrative Hearing Commission. Such change in § 326.130 merely designated a successor as to the hearing process and placed the procedural methods under the Administrative Hearing Commission as opposed to respondent with whom such matters had previously been placed.

The fact remains that respondent, under both versions of § 326.130, could initiate disciplinary proceedings against a licensee. The change in § 326.130 now requires respondent to act in the capacity of a party before another agency, to wit, the Administrative Hearing Commission, and respondent is no longer empowered with final administrative decision authority regarding the discipline of its certificate holders.

From all of this, one thing is certain: there appears to be no other statutory authority for a licensee to secure the information referenced within § 326.134. Certainly Chapter 536 addresses the matters of discovery, witnesses and the array of procedural matters attending administrative proceedings, but it fails to provide for any particular provision as is prescribed by § 326.134.

Since this issue includes the assertion by both parties that Chapter 610 is applicable to disciplinary proceedings, it requires this court to discuss the applicability, if any, of Chapter 610 to disciplinary proceedings.

■ It must be understood that Chapter 610 insures to the public open proceedings (except for noted exceptions) of acts by governmental bodies, unless otherwise provided by law. However, §§ 610.021 and 610.022, RSMo Supp.1987 prescribe that under certain conditions, public governmental bodies may close meetings, records and votes. A fair reading of these particular sections leads to the conclusion that disciplinary proceedings against licensees are not specifically included within the types of meetings permitted to be closed to the public. However, § 610.021(14), RSMo Supp.

1987, prescribes that the public governmental body is authorized to close meetings, records and votes to the extent they relate to "records which are protected from disclosure by law." Section 326.134 is such a law which prescribes that investigation information under that section shall be privileged and confidential. Because § 326.134 declares disciplinary information to be privileged and confidential, such information falls within § 610.021(14), RSMo Supp.1987 and may be closed to the public.

Respondent would have this court conclude that a licensee would come within the term "public" for purposes of disciplinary proceedings so as to permit respondent to deny a licensee access to such information during a disciplinary proceeding. A study of Chapter 610 leads to the conclusion that it neither intends nor prescribes application to disciplinary proceedings of any licensee. It certainly follows that Chapter 610 neither intends nor prescribes any prohibition against any licensee from securing information in the possession of any state licensing agency.

To be sure, respondent or any like licensing agency can conduct closed meetings when such meetings pertain to disciplinary matters. Such meetings are not within the prescription of Chapter 610. Furthermore, if respondent or any such like agency fails to maintain the privileged and confidential status of such information, such action would run afoul of § 326.134. In order for Chapter 610 to apply to disciplinary proceedings, it would have to be concluded that the licensee was a public employee and that meetings for disciplinary matters were "public meetings" with the definition prescribed by § 610.010(3), RSMo 1986. By its very nature, a licensee such as appellant is not a public employee, nor is a disciplinary proceeding a public meeting within the definition and intent of Chapter 610.

Respondent is simply incorrect in concluding that Chapter 610 applies to, and further permits, respondent to deny access to such information sought by appellant herein. Chapter 610 is held not to apply to any disciplinary proceedings involving any licensee brought before the Administrative Hearing Commission or otherwise conducted by any licensing agency.

■ Before addressing the question of statutory construction specifically, this court must address respondent's allegation that appellant should be denied relief since any right of access to the information in question was not exercised during the pendency of the administrative proceedings and is, thus, untimely. In the first instance, there is no specific time reference prescribed by § 326.134, so respondent has no statutory basis for its assertion. In the second instance, concerning the particular matter herein, appellant repeatedly attempted to secure the particular information but his request was repeatedly denied by respondent. Under the particular facts and circumstances of this proceeding, it cannot be held that appellant's actions were untimely.

While there appears to be no specific statutory requirement as to when a licensee can or must exercise such a right, it will remain with the courts to determine if, under any particular case, a licensee has acted reasonably. A determination of that question will perhaps have to be decided in each given set of circumstances found within any given or particular case. Certainly, it behooves any licensee and counsel for such persons to acquire such information as early and completely as possible within the given circumstances of each case. In applying such rationale, it cannot be said that appellant's actions were untimely.

After due consideration to the legislative development of § 326.134, this court concludes that by the very wording thereof the General Assembly intended that a free flow of information should exist between a licensee and respondent. The terms of the statute specifically disclose this intent. Respondent is correct, and it is obvious from the wording of § 326.134, that it references § 326.132, a now nonexistent statutory provision. It is equally clear that the new or present § 326.130 contains the basis upon which (and authorizes respondent) to initiate disciplinary proceedings, just as did the predecessor § 326.130. The present statute proceeds to lodge the authority for receiving any complaint and the conducting of any hearing with the Administrative Hearing Commission. The intent of the

legislature that a licensee be entitled to the information referenced within § 326.134 is clear. It is also quite clear that § 326.132 was repealed because, with the revision of § 326.130, the matters previously prescribed by § 326.132 were encompassed within the new § 326.130, in addition to the proviso that respondent no longer had dispositive authority of license disciplinary matters. In conformity with the reorganization of state government, such proceedings were lodged with the Administrative Hearing Commission.

■ The statutory changes discussed herein cannot be construed to deny any licensee the right to any material pertaining to his or her disciplinary proceeding, even though such a suggestion is urged by respondent, because to do so would not only be contrary to the concept of fairness, it would be tantamount to a denial of due process.

It is the ruling of this court that disciplinary proceedings before the Administrative Hearing Commission are not proceedings subject to Chapter 610, RSMo 1986. It is the further ruling of this court that by its enactment of § 326.134 (including the reference to the rights of a licensee) and by its declaration of support for the "free flow of information", the Missouri General Assembly, although specifically referencing the now-repealed § 326.132, fully intended the rights of a licensee under § 326.134 to be applicable to any disciplinary proceeding within § 326.130.

As was noted above, the strict letter of the law must give way to the manifest intent of the General Assembly. Further noted above, it is presumed that the General Assembly intends neither an illogical, absurd nor unreasonable result. Any other construction than that applied to § 326.134 by this court would run afoul of all foregoing declarations.

Respondent argues that if § 326.134 is construed as it has been herein, it will be the only licensing agency to which such a provision applies. This court is not persuaded by such an assertion. Furthermore, this court is adequately equipped and quite prepared to consider any like issue involving any other state agency should such issue again be presented by some other state agency.

When reduced to its basic level, this whole issue in reality addresses a basic right of any licensee against whom a complaint has been lodged to discover and secure any and all information pertaining to the charges against such licensee. No agency of state government has the inherent right or statutory right to refuse or otherwise deny such person access to such information.

By the construction applied to § 326.134 by this court, it is held that the judgment of the circuit court is reversed. The cause is remanded to the circuit court with directions to the circuit court to in turn enter judgment for appellant in such form as to thereby grant to appellant access to all complaint files, investigation files and all other investigation reports and information which is now or has heretofore been in the possession of respondent pertaining to the disciplinary proceeding against appellant. The circuit court is further directed to order respondent to make such information immediately available to appellant.

All concur.