Paul A. CHRISTIANSEN, Appellant,

v.

MISSOURI STATE BOARD OF ACCOUNTANCY, Respondent.

No. WD 40776.

Missouri Court of Appeals, Western District.

Dec. 6, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 31, 1989.

Application to Transfer Denied March 14, 1989.

Duane Benton, Jefferson City, for appellant.

Dennis K. Hoffert of Herzog, Ahlquist, Kanter and Hoffert, St. Louis, for respondent.

Before FENNER, P.J., and MANFORD and GAITAN, JJ.

MANFORD, Judge.

This is a direct appeal from a circuit court judgment which affirmed a prior decision of the Missouri Board of Accountancy revoking appellant's Certified Public Accountant Certificate. The judgment is reversed and the cause remanded with instructions.

Appellant presents three points, all of which attack the judgment of the circuit court in affirming the decision of respondent Board because (1) counsel for appellant was incompetent; (2) the decision of the Board and the judgment of the circuit court were erroneously based on a previous judgment and both the Board and circuit court held said judgment was entitled to preclusive effect; and (3) the Board's decision was not based upon competent and substantial evidence.

Due to the disposition of this matter, only a brief summary of the pertinent facts is necessary. Respondent, Missouri State Board of Accountancy (hereinafter the Board) filed a complaint against appellant seeking revocation of appellant's certificate as a Certified Public Accountant. The scope of these proceedings is quite wide and includes a separate civil suit captioned, "DeBlase v. Christiansen", CV79–1699, filed in the 16th Judicial Circuit. In addition, this court has another matter on appeal styled, "Christiansen v. Missouri State Board of Accountancy", 764 S.W.2d 943 (Mo.App.1988), the opinion of which is not only dispositive of these proceedings, but is issued concurrently with the opinion herein.

For purposes herein, it suffices to state that appellant was given a hearing before the Administrative Hearing Commission. In addition, the matter was reviewed by the circuit court, which affirmed the decision to revoke his certificate as a Certified Public Accountant. Appellant challenges that decision in the present case.

■ In this court's opinion of *Christiansen v. Missouri State Board of Accountancy*, 764 S.W.2d 943, issued concurrently with this opinion, this court ruled that appellant was entitled to certain information pertaining to proceedings against him

and this court ordered the Board to make available to him that information.

This court is asked to overlook the denial of the sought-after information on the Board's claim that there is competent and substantial evidence to support the Board's decision in spite of anything which appellant might ascertain from the sought-after information. Such a suggestion misses the point. This court, in the concurrent opinion, has attempted to emphasize the importance of a fundamental right of appellant during such proceedings. Again, this court points out that it was the right of appellant to have access to all of the requested investigative material pertaining to his proceedings. It is that right, and not the substance of the material, that is in question. That is the issue and it has been disposed of in the concurrent case.

There is no need to dwell upon the remainder of the proceedings which serve as the basis of the present case, because if the disciplinary proceeding against appellant is to continue, it will have to start anew; this time hopefully with due regard for appellant's rights to the sought-after information and certainly with far greater diligence by appellant during the process than that which has been displayed heretofore.

In light of the possibility or probability that subsequent disciplinary proceedings will be initiated, this court finds it necessary to address two of appellant's points herein.

As to the matter of incompetency of counsel, this court notes that appellant has had more than one personally retained attorney. This court is not apprised as to why this occurred, nor is it of any importance herein. The fact remains that appellant selected and retained these attorneys.

There appears to be no civil case directly involving the question of incompetency or ineffectiveness of counsel. Indeed, the issue is one raised almost daily in criminal proceedings. The Board has directed this court's attention to the case of *Watson v. Moss*, 619 F.2d 775, 776 (8th Cir.1980), wherein it was ruled:

Initially, there is a substantial difference between the constitutional right of an accused in a criminal proceeding, and those of a plaintiff in a civil action. The stringent standards of appointment and effective assistance of counsel mandated by the Sixth Amendment and the Fed.R. Crim.P. 44 do not apply to civil proceedings. (citations omitted).

\* \* \* \* \* \*

There is no constitutional or statutory right for an indigent to have counsel appointed in a civil case. (citations omitted). It of course follows there is no constitutional or statutory right to effective assistance of counsel in a civil case.

This court finds the language in *Watson* very persuasive and rules that party litigants to civil proceedings have no constitutional or statutory right to the appointment of counsel. Further, civil litigants who claim counsel was incompetent or ineffective have no claim of right to a new trial or other relief from the court on that basis and are left to seek redress against such counsel for malpractice.

Appellant has challenged that portion of the decision which held:

We agree with Petitioner that this finding of the Jackson County Circuit Court is entitled to preclusive effect on the issue of the professional relationship between Respondent and his client.

This court is advised that within these proceedings, appellant attempted to litigate particular matters relative to and included within the separate civil action, but was precluded from doing so by both the Board and the circuit court.

What occurred is summarized as follows: DeBlase sued appellant in circuit court. That court entered a judgment that included a finding that appellant had breached a fiduciary duty to DeBlase and held certain shares of stock in constructive trust for DeBlase. The court ordered appellant to sell the stock to DeBlase for a specified amount. From that judgment, both DeBlase and appellant appealed. While the appeals were pending, DeBlase and appellant settled the matter with DeBlase paying to appellant the sum of $97,662.50, which for some undisclosed reason was $20,000.00

more than DeBlase was ordered to pay pursuant to the prior circuit court judgment. With the settlement, each side agreed to dismiss their respective appeals.

Simply put, the contention between the parties is as follows: Appellant charges that the settlement of the prior civil action does not preclude him from litigating issues involved in that civil action in his disciplinary proceedings. The Board asserts that the circuit court judgment is preclusive and the doctrine of collateral estoppel applies, thus, preventing appellant from litigating any issue relative to or included within the prior civil action.

There appears to be no decision in our state directly involving this issue. It is known that no opinion by a court of record will issue where the cause is settled during the pendency of the matter because such action renders the issue moot. *Warren v. Warren,* 601 S.W.2d 683, 687 (Mo.App. 1980); *Central Moloney, Inc. v. City of St. Louis,* 527 S.W.2d 39, 41 (Mo.App.1975).

In support of its position, the Board cites the case of *Payne v. St. Louis Union Trust Company,* 389 S.W.2d 832, 836–37 (Mo.1965). The *Payne* decision, of course, is binding upon this court and reinforces the principles of res judicata and collateral estoppel. However, the issue in *Payne* was not the same as that in the case herein. In *Payne,* heirs to an estate had instituted a civil action and during the pendency thereof, settled their respective claims. That settlement was then part of subsequent litigation which ended in a final and nonappealed judgment. There was additional litigation which attacked the first judgment and our state Supreme Court ruled that such attack was subject to the doctrine of collateral estoppel.

What is present herein is a judgment by the circuit court from which both parties appealed. While the appeal was pending, the complaining party paid a sum of $20,-000.00 in addition to what he was directed to pay by the circuit court judgment. The parties then jointly dismissed their appeals. This court has nothing of record to disclose what, if anything, appellant and/or

DeBlase did relative to the circuit court judgment.

Because of the particular facts and circumstances, this case does not fall within the classical or historical collateral estoppel case. It must be remembered that the main or overriding issue in this proceeding and within the case decided concurrently herewith is the disciplinary proceeding against appellant.

The rule in our state is, of course, that the pendency of an appeal does not render the judgment upon which the appeal is based nonfinal for the purpose of applying the doctrine of res judicata. *Consumers Oil Co. v. Spiking,* 717 S.W.2d 245, 251 (Mo.App.1986). However, *Consumers Oil Co.* does not quite fit the present case since there was a final decision rendered by this court affirming the original or first judgment. The Missouri Court of Appeals, Eastern District, ruled that issue preclusion or collateral estoppel was not applicable where during the pendency of an appeal the parties settled and the appellate court remanded the cause to the circuit court with directions to vacate the judgment in accordance with the settlement. *Ogle v. Guardsman Ins. Co.,* 701 S.W.2d 469 (Mo. App.1985).

The case herein possibly presents a hybrid situation between the rule in *Consumers Oil Co.* and the rule in *Ogle.* The problem is that while both parties and the circuit court refer to the settlement between appellant and DeBlase, this court has no information relative to the terms thereof. This is deemed important because if the parties intended the vacating of the civil judgment and/or the additional $20,-000.00 payment by DeBlase to appellant to be (in part or whole) the purchase of appellant's right to continue the prosecution of the appeal, a ruling relative to the issue preclusion would come within *Ogle, supra.* If neither of the foregoing matters were present, then this court would be faced with determining whether a settlement, if reached pending an appeal, would alone (without one or both of the above matters) prevent the application of the rule of issue preclusion. This court does not reach that

issue herein because of the lack of any evidence concerning the settlement agreement. Absent such evidence, this court would have to speculate and this court will not undertake to do so.

The Board insists that the rule of preclusion should apply firmly and without exception. Appellant is just as adamant that the rule should not apply. Both parties, hard fixed in their positions, refer this court to the Restatement of Judgments. The Restatement fails to reveal authority precisely applicable to the facts herein. Neither party disclosed to the court one underlying principle within the Restatement, and that is, "Courts and commentators have therefore recognized the need for flexibility in the operative principles, and this recognition has served as the basis for the exception to the rule of issue preclusion set forth in § 28." 3 *Restatement of Law, Second, Judgments 2d*, § 26, Introductory Note p. 249. To be sure, the particulars of the present case do not fall within the listed exceptions.

Appellant has cited to this court the case of *Associates Cap. Services v. Loftin's Transfer, Etc.*, 554 F.2d 188, 189 (5th Cir. 1977). While *Associates* dealt with a settlement pending appeal, like *Ogle*, the case was remanded to the trial court in accordance with the settlement between the parties. As noted above, this court does not know what the terms of the settlement between appellant and DeBlase contained.

It appears to this court that the Board, having elected to request the rule of issue preclusion be invoked, bore the burden of providing sufficient evidence relative to the terms of the settlement. Therefore, this court could then squarely take up the issue of whether the rule in *Ogle* applied, or it would have to determine if a settlement which did not contain either of the two matters would suffice to render the issue preclusion rule as not applicable.

In addition, there is the matter of DeBlase having paid $20,000.00 more for (presumably) the same stock when according to the record, he was, by judgment, entitled to the stock for a sum $20,000.00 less. There is no way this court can determine what

this enhanced payment represents and more particularly, how, if at all, it bears on the underlying matter of the revocation of appellants certificate as a Certified Public Accountant.

Under the particular facts and circumstances herein, this court rules that the rule of issue preclusion is not applicable and it was error for the circuit court to have concluded otherwise. This court also rules that it was error for the Administrative Hearing Commission to have concluded otherwise in its decision.

Two additional matters must also be discussed. First, the assertion that the Administrative Hearing Commission placed no reliance upon the rule of issue preclusion is dispelled by the reading of its finding. The Board's contention in this regard is simply without any merit.

Second, it is the Board's position that in spite of the reliance upon the judgment of the trial court in the civil suit and in spite of whether the rule of issue preclusion applies or not, the evidence to support the decision of the Administrative Hearing Commission was competent and substantial to warrant and support the revocation of appellant's certificate as a Certified Public Accountant. The Board argues this alone demands this court to affirm. Under other circumstances, this court might agree. However, the Board overlooks one major and extremely important point. In the opinion of this court of *Christiansen v. Missouri State Board of Accountancy*, 764 S.W.2d 943, handed down concurrently with this opinion, this court ruled that appellant had been denied a fundamental right to have access to all investigative materials in the Board's possession. That right is so fundamental that all which followed in these proceedings was a nullity. The Board cannot have it both ways. It cannot, on the one hand, deny appellant access to investigative materials and, on the other hand, ask a court to affirm an administrative decision which followed that denial. This simply violates the rules of fair play and is tantamount to a denial of due process.

It may very well be that the evidence warrants the revocation of appellant's certificate as a Certified Public Accountant. This court does not pass upon that question at this point. To some, it may appear that this court's ruling in both cases appears technical and arbitrary. Be that as it may, but it is this court's position that no decision can be valid if, in the process of securing that decision, the fundamental rights of any party to the proceedings are denied.

The judgment of the circuit court is reversed. This cause is remanded to the circuit court with the following directions: The circuit court shall order the Administrative Hearing Commission to void its decision in this cause. The circuit court shall likewise order that the revocation of appellant's certificate as a Certified Public Accountant be reinstated with all rights pertaining thereto.

Nothing herein shall be construed as a bar to any future disciplinary proceedings by the Missouri Board of Accountancy, however, such proceedings, if any, shall be in conformity to this opinion and this court's opinion the case of *Christiansen v. Missouri State Board of Accountancy,* 764 S.W.2d 943, issued concurrently herewith.

All concur.